EXHIBIT B

# COPY

1  Roman Otkupman, CSBN 249423
   *Roman@OLFLA.com*
2  OTKUPMAN LAW FIRM, A LAW CORPORATION
3  5743 Corsa Ave, Suite 123
   Westlake Village, CA 91362
   Telephone: (818) 293-5623
4  Facsimile: (888) 850-1310

5  Attorneys for Plaintiff,
   Teri Macey

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 9 2022

BY *Charlene S. Roman*
CHARLENE JOHNSON, DEPUTY

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| TERI MACEY, an individual, | CASE NO.  CIV SB  2 2 0 5 4 9 8 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940 ET SEQ.);** |
| RELISH LABS, LLC, a Delaware Limited Liability Company and DOES 1 through 100, inclusive. | 2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(m));** |
| Defendants. | 3. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(n));** |
| | 4. **FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, RETALIATION IN THE WORK PLACE IN VIOLATION OF THE FEHA (ACT GOV. CODE § 12940(k));** |
| | 5. **RETALIATION IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(h));** |
| | 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND FEHA (CAL. GOV. CODE § 12940 ET SEQ);** |

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES

1

7. **RETALIATION IN VIOLATION OF THE CRFA (CAL. GOV'T CODE § 12945.2);**

**REQUEST FOR JURY TRIAL**

PLAINTIFF, Teri Macey, complains and alleges as follows:

### GENERAL ALLEGATIONS

(Against Defendant and all DOE Defendants)

1.    At all times herein mentioned, Plaintiff Teri Macey, is and was a resident of the City of Highland, State of California.

2.    At all times herein mentioned, Defendant Relish Labs, LLC, and Does 1-100 (hereinafter also referred to as "Defendant"), is licensed to do business within the City of San Bernardino, County of San Bernardino. Defendant employed the Plaintiff at 1445 S. Tippecanoe Ave, San Bernardino, CA 92408. Plaintiff is informed and believes that said Defendant employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3.    The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4.    Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5.    Plaintiff began working for Defendant on or about February 7, 2017. While working for Defendant as a Production Assistant, Plaintiff was earning approximately $17.00 per hour. Plaintiff's primary job responsibilities included portioning and packing meals for customers, labeling packages and preparing items for shipping.

6.      Throughout her employment with Defendant, Plaintiff was a diligent worker.

7.      On or about April 7, 2018, Plaintiff suffered from a work related injury. While at work, Plaintiff tripped and fell directly on her right wrist. Plaintiff began experiencing severe pain in her wrist extending to her elbow, and numbness. Plaintiff immediately informed her supervisor, Andrew (last name unknown) about her wrist pain. Plaintiff continued to work through the pain but continued to experience the same symptoms of severe wrist pain.

8.      The following day, on or about April 8, 2018, Plaintiff's wrist was swollen and she continued to experience the same symptoms of severe right wrist pain and numbness. Plaintiff immediately called the employee hotline and informed them of her inability to come into work.

9.      On or about April 13, 2018, Plaintiff's symptoms did not change. Plaintiff was further seen by a Workers' Compensation physician and underwent x-rays. Plaintiff was told by her physician that her tendon had detached from her thumb and had to undergo surgery and physical therapy.

10.     Plaintiff was further diagnosed with right distal radius osteotomy with allograft and extensor indicis proprius to extensor pollicis longus tendon. Plaintiff was scheduled for surgery on January 28, 2019 to address her injuries. Plaintiff was further placed off work for ten months.

11.     In or around October of 2019, Plaintiff returned to work. Moreover, while working for Defendant, Plaintiff was placed on medical restrictions, which included, but were not limited to, no pushing, pulling or lifting more than 15 lbs. Plaintiff began to notice that Defendant was bothered for needing accommodations.

12.     On or about March 19, 2019, Plaintiff received a letter from Adriana Saenz in Human Resources at Defendant stating that Defendant will no longer accommodate Plaintiff's medical restrictions.

13.     Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating her on or about March 22, 2021, for pretextual reasons.

14.     The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendant acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about March 8, 2022, Plaintiff exhausted her administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

**VENUE AND JURISDICTION**

15.     Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

## FIRST CAUSE OF ACTION

**DISABILITY DISCRIMINATION IN VIOLATION OF THE**

**FAIR EMPLOYMENT AND HOUSING ACT**

**California Government Code § 12940 et seq.**

(Against Defendant and all DOE Defendants)

16.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

17.     The actions of Defendants, as described in this Complaint, constitute unlawful discrimination on the basis of Plaintiff's disability.

18.     Plaintiff alleges that her that her injury of right distal radius osteotomy with allograft and extensor indicis proprius to extensor pollicis longus tendon, which prevented and/or substantially limited Plaintiff from engaging in major life activities, was a physical disability.

19.     At all times herein mentioned, Plaintiff was regarded as being disabled and suffering from a disability, and at all relevant times, Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

20.     Plaintiff brings this cause of action for disability discrimination and termination of employment because of such disability. Furthermore, though Plaintiff's need for an accommodation was clearly communicated to Management at Defendant, Supervisor, Andrew (last name unknown) and Human Resources Manager, Adriana Saenz, it was blatantly ignored and Plaintiff was ultimately terminated.

21.     Plaintiff alleges that she was discriminated against by the Defendants, named in this cause of action, as follows:

a.     firing Plaintiff for her disability;

b.     firing Plaintiff in retaliation for needing accommodation for her disability;

c.     generally not wanting Plaintiff to work at the Defendants because Plaintiff had suffered a serious disability which Defendants perceived as a disability, and by perceiving said disability, Defendants anticipated they would have to pay extra costs in reasonably accommodating Plaintiff, and as a result, said Defendants

retaliated against Plaintiff, and terminated her to avoid providing any reasonable accommodations and to avoid any perceived extra medical costs associated with Plaintiff's disability. The discrimination impeded Plaintiff's progress and the enjoyment of her employment with Defendants. The discriminatory work environment existed on a continuing and ongoing basis up to Plaintiff's termination.

22.   Defendants knew (or should have known) of the discriminatory work environment and conduct against Plaintiff but did nothing to prevent or stop the discrimination.

23.   Defendants' disability discrimination as described in this Complaint violates the Fair Employment and Housing Act as promulgated in California Government Code Section 12940 et. seq., and other state and federal statutes which prohibit discrimination in employment, including the California Constitution and the Civil Rights Act as amended.

24.   As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

a.   loss of salary and other valuable employment benefits;

b.   prejudgment interest and interest on the sum of damages at the legal rate; and

c.   other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

25.   In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code Section 12965(b).

26.   The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendants' willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of them to others.

27.   Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those

other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants, for their acts as described in this cause of action in a sum to be determined at the time of trial.

28.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants in order to deter them from such and similar conduct in the future.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE
### FAIR EMPLOYMENT AND HOUSING ACT
### California Government Code § 12940(m)

(Against Defendant and all DOE Defendants)

29.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

30.     Plaintiff is and all times mentioned herein was, qualified and able to hold a position with Defendants.

31.     Defendants never offered Plaintiff reasonable accommodation in spite of Defendants' legal duty. Plaintiff requested reasonable accommodation in the form of time off to care for her medical condition and no pushing, pulling or lifting more than 15 lbs. Defendants failed to accommodate Plaintiff's reasonable request.

32.     Furthermore, Plaintiff alleges that in spite of Defendants' legal duty, Defendants never offered any accommodation to Plaintiff prior to Plaintiff's termination.

33.     As a proximate result of Defendants' conduct, Plaintiff has suffered damage in an amount subject to proof, but which are in excess of the jurisdiction minimum of this Court and which include but are not limited, accrued but unpaid salary, bonuses and benefits, front pay, back pay, severance pay, and damages for emotional distress.

34.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts

as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendants' willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of them to others.

35.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

36.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants in order to deter them from such and similar conduct in the future.

37.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

#### California Government Code § 12940(n)

(Against Defendant and all DOE Defendants)

38.    Plaintiff incorporates and realleges by references all previous paragraphs of this Complaint as if fully set forth herein.

39.    At all times herein mentioned the FEHA, Government Code Section 12940(n), was in full force and effect and binding on Defendants. These statutes required Defendants to engage in an interactive process in assessing the employee's disability in order to provide a

reasonable accommodation. The Government Code Section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability.

40.     Plaintiff suffered from a disability and a medical condition during her employment at Defendants and all DOE Defendants. Plaintiff's injury manifested itself in a disability, which was disclosed to Defendant. Plaintiff alleges that Defendants did not engage in any interactive process with Plaintiff to determine the extent and nature of her medical condition and whether her request for reasonable accommodation could be granted. Subsequently, Defendants terminated Plaintiff's employment as a result of Plaintiff's disability.

41.     As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, by failing to provide Plaintiff with the requested reasonable accommodation concerning her medical condition and actual and/or perceived disability, and by failing to engage in any interactive process, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damages in a sum according to proof.

42.     Defendants have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make example of it.

43.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

///
///
///
///
///
///
///

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, RETALIATION IN THE WORK PLACE IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

#### California Government Code § 12940(k)

(Against Defendant and all DOE Defendants)

44.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

45.     Plaintiff was discriminated against as described in this Complaint. Although Defendants knew or should have known of the discriminatory conduct, they failed and refused to take all the reasonable steps necessary to prevent the discrimination from occurring.

46.     Defendants failed or refused to take appropriate steps to abate or prevent discrimination in the workplace by failing to effectively enforce policy against unlawful discrimination, failing to thoroughly investigate complaints of discrimination, and failing to take prompt and appropriate disciplinary action against perpetrators of discrimination. On the contrary, Defendants implemented policies that promoted discrimination of Plaintiff based on her disability.

47.     Defendants' conduct as described constitutes a violation of California Government Code Section 12940(k).

48.     As a direct and proximate result of the acts of Defendants, Plaintiff has sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for her severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

49.     In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code § 12965(b).

50.     Further, because the wrongful acts against Plaintiff were carried out or ratified by directors, officers and/or managing agents of Defendants acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants, in order to deter them from such and similar conduct in the future.

///

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE

### FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(h)

(Against Defendant and all DOE Defendants)

51.     Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

52.     Government Code §12940(h) provides that it is unlawful for an employer or other entity covered by this part to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden" under the Fair Employment and Housing Act.

53.     On or about April 7, 2018, Plaintiff suffered from a work related injury. While at work, Plaintiff tripped and fell directly on her right wrist. Plaintiff began experiencing severe pain in her wrist extending to her elbow, and numbness. Plaintiff immediately informed her supervisor, Andrew (last name unknown) about her wrist pain. Plaintiff continued to work through the pain but continued to experience the same symptoms of severe wrist pain.

54.     The following day, on or about April 8, 2018, Plaintiff's wrist was swollen and she continued to experience the same symptoms of severe right wrist pain and numbness. Plaintiff immediately called the employee hotline and informed them of her inability to come into work.

55.     On or about April 13, 2018, Plaintiff's symptoms did not change. Plaintiff was further seen by a Workers' Compensation physician and underwent x-rays. Plaintiff was told by her physician that her tendon had detached from her thumb and had to undergo surgery and physical therapy.

56.     Plaintiff was further diagnosed with right distal radius osteotomy with allograft and extensor indicis proprius to extensor pollicis longus tendon. Plaintiff was scheduled for surgery on January 28, 2019 to address her injuries. Plaintiff was further placed off work for ten months.

57.     In or around October of 2019, Plaintiff returned to work. Moreover, while working for Defendant, Plaintiff was placed on medical restrictions, which included, but were not limited to, no pushing, pulling or lifting more than 15 lbs. Plaintiff began to notice that Defendant was bothered for needing accommodations.

58.     On or about March 19, 2019, Plaintiff received a letter from Adriana Saenz in Human Resources at Defendant stating that Defendant will no longer accommodate Plaintiff's

medical restrictions.

59.     Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating her on or about March 22, 2021, for pretextual reasons.

60.     Defendants' acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful discrimination. Because the acts were carried out by officers, directors and/or managing agents of Defendants in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

61.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

62.     Plaintiff requests an award of attorney's fees and costs of suit pursuant to Government Code §12965(b).

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND THE FAIR EMPLOYMENT HOUSING ACT

#### California Government Code § 12940 et seq.

(Against Defendant and all DOE Defendants)

63.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

64.     Plaintiff is informed, believes, and based thereon, alleges that said Defendants named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of the Fair Employment & Housing Act, (FEHA), and public policy by terminating Plaintiff on the basis of Plaintiff's disability. The conduct described in the above sentence violates the following statutes that affect society at large:

a.  under the FEHA, California Government Code §12940, which prohibits employers from terminating and discriminating against their employees in terms, conditions, and privileges of employment because of their disability;

b.  all other state statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated by said Defendants by retaliating, harassing, discriminating against Plaintiff.

75.  Plaintiff alleges that the Defendants, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendants terminated Plaintiff's employment in violation of public policy as such:

a.  by acting unlawfully in a manner that affects the California workplace by creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of her disability under California Government Code 12940, et seq.

65.  As a direct, foreseeable, and proximate result of the actions of said Defendants and all DOE Defendants, and each of them, named in this Cause of Action, as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for herself and her family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

66.  The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendant and DOES 1-100 conducted themselves as described in this cause of action by willfully violating those statutes and public policies numerated in the above Paragraphs, Plaintiff prays for punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of Defendants to others.

67.  Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, as described above, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were

managing agents of said Defendants. These unlawful acts were further ratified by the Defendants' employees and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action, in a sum to be determined at the time of trial.

68.     Wherefore, Plaintiff requests relief as described below.

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### California Government Code § 12945.2 and

### California Code of Regulations § 7297.9

(Against Defendant and all DOE Defendants)

69.     Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

70.     At all relevant times, Defendant was an employer covered by the California Family Rights Act ("CFRA") because Defendant employed fifty (50) or more full or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

71.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Specifically, Plaintiff worked for more than one (1) year at Defendant and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period prior to her requesting leave.

72.     Defendants violated the CFRA by retaliating against Plaintiff including, without limitation, Defendants terminated Plaintiff's employment in whole, because she sought to exercise her rights under the CFRA.

73.     Plaintiff began working for Defendant on or about February 7, 2017, as a Production Assistant.

74.     On or about April 7, 2018, Plaintiff suffered from a work related injury. While at work, Plaintiff tripped and fell directly on her right wrist. Plaintiff began experiencing severe pain in her wrist extending to her elbow, and numbness. Plaintiff immediately informed her supervisor, Andrew (last name unknown) about her wrist pain. Plaintiff continued to work through the pain but continued to experience the same symptoms of severe wrist pain.

75.     The following day, on or about April 8, 2018, Plaintiff's wrist was swollen and she continued to experience the same symptoms of severe right wrist pain and numbness. Plaintiff immediately called the employee hotline and informed them of her inability to come into work.

76.     On or about April 13, 2018, Plaintiff's symptoms did not change. Plaintiff was further seen by a Workers' Compensation physician and underwent x-rays. Plaintiff was told by her physician that her tendon had detached from her thumb and had to undergo surgery and physical therapy.

77.     Plaintiff was further diagnosed with right distal radius osteotomy with allograft and extensor indicis proprius to extensor pollicis longus tendon. Plaintiff was scheduled for surgery on January 28, 2019 to address her injuries. Plaintiff was further placed off work for ten months.

78.     In or around October of 2019, Plaintiff returned to work. Moreover, while working for Defendant, Plaintiff was placed on medical restrictions, which included, but were not limited to, no pushing, pulling or lifting more than 15 lbs. Plaintiff began to notice that Defendant was bothered for needing accommodations.

79.     On or about March 19, 2019, Plaintiff received a letter from Adriana Saenz in Human Resources at Defendant stating that Defendant will no longer accommodate Plaintiff's medical restrictions.

80.     Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating her on or about March 22, 2021, for pretextual reasons.

81.     At all times herein mentioned, Government Code § 12945.2 was in full force and effect, and was binding upon Defendant and all Doe Defendants. Said section required said Defendants, and their employees and agents, to not retaliate against Plaintiff for requesting and/or taking time off for statutory family care and medical leave. Moreover, at all times herein mentioned, California Code of Regulations Title 2 §7297.7 was in full force and effect and was binding upon Defendants.

82.     As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of her employment, from loss of past and future earnings and other employment benefits, from loss of all other rights and benefits which naturally exist with fair employment, but which were denied to her by said Defendants, all in an amount to be proven at the time of trial.

83.     As a direct and foreseeable result of the aforesaid acts of said Defendants,

Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code Section 3287 and/or any other provision of law providing for pre-judgment interest.

84.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

85.    The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code Section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

86.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civ. Code section 1021.5) as well as a Government Code Section 12940, et seq.

87.    Wherefore, Plaintiff requests relief as described below.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that Judgment be entered in her favor and against Defendants and each of them as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.    For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3.    For costs of suit and attorney fees;

4.    For prejudgment and post judgment interest;

5.    For any other relief that is just and proper;

6.    For attorney fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).

DATED:  March 8, 2022                    OTKUPMAN LAW FIRM, ALC


                                          By:

                                               Roman Otkupman
                                               Attorneys for Plaintiff,
                                               Teri Macey

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

DATED:  March 8, 2022                    OTKUPMAN LAW FIRM, ALC


                                          By:

                                               Roman Otkupman
                                               Attorneys for Plaintiff,
                                               Teri Macey

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 8, 2022

Roman Otkupman
5743 Corsa Avenue
Westlake Village, California 91362

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202203-16344709
      Right to Sue: Macey / Relish Labs, LLC

Dear Roman Otkupman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 8, 2022

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202203-16344709
        Right to Sue: Macey / Relish Labs, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,



Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 8, 2022

Teri Macey

,

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202203-16344709
       Right to Sue: Macey / Relish Labs, LLC

Dear Teri Macey:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective March 8, 2022
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in DFEH's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in DFEH's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
DFEH's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number
indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Teri Macey                                                        DFEH No. 202203-16344709

Complainant,

vs.

Relish Labs, LLC
,

Respondents

_____

**1.** Respondent **Relish Labs, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Teri Macey**, resides in the City of **,** State of **.**

**3.** Complainant alleges that on or about **March 22, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** Plaintiff began working for Defendant on or about February 7, 2017. While working for Defendant as a Production Assistant, Plaintiff was earning

-1-
Complaint – DFEH No. 202203-16344709

Date Filed: March 8, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  approximately $17.00 per hour. Plaintiff's primary job responsibilities included portioning and
   packing meals for customers, labeling packages, and preparing items for shipping.
2  Throughout her employment with Defendant, Plaintiff was a diligent worker. On or about
   April 7, 2018, Plaintiff suffered from a work-related injury. While at work, Plaintiff tripped and
3  fell directly on her right wrist. Plaintiff began experiencing severe pain in her wrist extending
   to her elbow, and numbness. Plaintiff immediately informed her supervisor, Andrew (last
4  name unknown) about her wrist pain. Plaintiff continued to work through the pain but
   continued to experience the same symptoms of severe wrist pain. The following day, on or
5  about April 8, 2018, Plaintiff's wrist was swollen and she continued to experience the same
   symptoms of severe right wrist pain and numbness. Plaintiff immediately called the
6  employee hotline and informed them of her inability to come into work. On or about April 13,
7  2018, Plaintiff's symptoms did not change. Plaintiff was further seen by a Workers'
   Compensation physician and underwent x-rays. Plaintiff was told by her physician that her
8  tendon had detached from her thumb and had to undergo surgery and physical therapy.
   Plaintiff was further diagnosed with right distal radius osteotomy with allograft and extensor
9  indicis proprius to extensor pollicis longus tendon. Plaintiff was scheduled for surgery on
   January 28, 2019 to address her injuries. Plaintiff was further placed off work for ten months.
10 In or around October of 2019, Plaintiff returned to work. Moreover, while working for
   Defendant, Plaintiff was placed on medical restrictions, which included, but were not limited
11 to, no pushing, pulling or lifting more than 15 lbs. Plaintiff began to notice that Defendant
   was bothered for needing accommodations. On or about March 19, 2019, Plaintiff received
12 a letter from Adriana Saenz in Human Resources at Defendant stating that Defendant will
   no longer accommodate Plaintiff's medical restrictions. Rather than accommodating
13 Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully
   terminating her on or about March 22, 2021, for pretextual reasons.
14

15
16
17
18
19
20
21
22
23
24
25
26                                        -2-
                              Complaint – DFEH No. 202203-16344709
27
   Date Filed: March 8, 2022
28
                                                              Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Roman Otkupman**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On March 8, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Westlake Village, CA**

-3-

*Complaint – DFEH No. 202203-16344709*

Date Filed: March 8, 2022

Form DFEH-ENF 80 RS (Revised 02/22)